265 So.2d 21 (1972)
In re THE FLORIDA BAR: Rules of Civil Procedure.
No. 42218-A.
Supreme Court of Florida.
July 26, 1972.
John M. McCarty, President of Florida Bar Ass'n, Ft. Pierce, and Henry P. Trawick, Jr., Chairman, Florida Court Rules Committee, Sarasota.
*22 PER CURIAM.
Appended to this order are amended and new rules which govern all proceedings within their scope after 12:01 A.M., January 1, 1973.
All conflicting rules and statutes are hereby superseded, and any statute not superseded shall remain in effect as a rule promulgated by the Supreme Court.
The Committee Notes are not adopted by the Court.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

APPENDIX

AMENDMENTS TO THE RULES OF CIVIL PROCEDURE

RULE 1.035. COURT REPORTER
(a) When Required. Proceedings shall be reported on the request of any party. He shall be responsible for payment of the reporter. The court may order the proceedings reported except in uncontested proceedings. Otherwise, reporting of any proceedings shall not be required.

Committee Note
1972 Amendment. Subdivision (a) is amended to preclude the court from ordering that uncontested matters be reported. The expense is seldom justified.

RULE 1.070. PROCESS
(a) Summons-Issuance. Upon the commencement of the action summons or other process authorized by law shall be issued forthwith by the clerk or judge under his signature and the seal of the court and delivered for service without praecipe.
(b) Service  By Whom Made. Service of process may be made by an officer authorized by law to serve process but the court may appoint any competent person not interested in the action to serve the process. When so appointed, the person serving process shall make proof of service by affidavit promptly and in any event within the time during which the person served must respond to the process. Failure to make proof of service shall not affect the validity of the service. When any process is returned not executed or returned improperly executed for any defendant, the party causing its issuance shall be entitled to such additional process against the unserved party as is required to effect service.

Committee Note
1972 Amendment. Subdivision (a) is amended to require the officer issuing the process to sign it and place the court seal on it. This was required by former F.S. § 47.04 F.S.A. and is essential to the validity of process. When the statute was repealed these procedural requirements were omitted and inadvertently not included in the rule. Subdivision (b) is changed to eliminate the predicate for court appointment of a person to make service of process. This makes the rule more flexible and permits the court to appoint someone to make service at any appropriate time.

RULE 1.080. SERVICE OF PLEADINGS AND PAPERS

(h) Service of Orders.

(1) When orders or judgments are prepared by a party, copies shall be served as provided in subdivision (b) before entry by the court. A notation of service shall be shown at the end of the proposed order or judgment. Use of the words "copies furnished to" followed by the name of persons served shall be sufficient.

Committee Note
1972 Amendment. Subdivision (h) is amended because confusion has resulted in its application. Use of the term "party" has been misconstrued. It must be read in conjunction *23 with subdivision (b) of the rule. When service can be made on an attorney, it should be made on the attorney. The term "party" is used throughout the rules because subdivision (b) makes the necessary substitution of the party's attorney throughout the rules. No certificate of service is required. The notation with the names of the persons served with a proposed form is not to be signed. The Committee intended for the court to know who had been served only. Otherwise, the Committee would have used the form of certificate of service in subdivision (f). Submission of copies and mailing of them by the court has proved cumbersome in practice and so it is deleted. The purpose of the rule was to assure that all parties had an opportunity to see the proposed form before entry by the court.

RULE 1.100. PLEADINGS AND MOTIONS
(a) Pleadings. There shall be a complaint or, when so designated by a statute or rule, a petition, and an answer to it; an answer to a counterclaim denominated as such; an answer to a cross-claim if the answer contains a cross-claim; a third party complaint if a person who was not an original party is summoned as a third party defendant and a third party answer if a third party complaint is served. If an answer or third party answer contains an affirmative defense and the opposing party seeks to avoid it, he shall file a reply containing the avoidance. No other pleadings shall be allowed.

Committee Note
1972 Amendment. The change makes a reply mandatory when a party seeks to avoid an affirmative defense in an answer or third party answer. It is intended to eliminate thereby the problems exemplified by Tuggle v. Maddox, Fla., 60 So.2d 158, and Dickerson v. Orange State Oil Company, Fla.App., 123 So.2d 562.

RULE 1.140. DEFENSES
(a) When Presented. A defendant shall serve his answer within 20 days after service of original process and the initial pleading on him, or not later than the date fixed in a notice by publication. A party served with a pleading stating a cross-claim against him shall serve an answer to it within 20 days after service on him. The plaintiff shall serve his answer to a counterclaim within 20 days after service of the counterclaim. If a reply is required, the reply shall be served within 20 days after service of the answer. The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision, alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings shall be served within 10 days after notice of the court's action or if the court grants a motion for a more definite statement, the responsive pleadings shall be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.
(b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of *24 the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert any defense in law or fact to that claim for a relief at the trial except that the objection of failure to state a legal defense in an answer or reply shall be asserted by motion to strike the defense within 20 days after service of the answer or reply.
(f) Motion to Strike. A party may move to strike or the court may strike redundant, immaterial, impertinent or scandalous matter from any pleading at any time.
(g) Consolidation of Defenses. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule but omits from it any defenses or objections then available to him that this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections omitted, except as provided in subdivision (h) (2) of this rule.
(h) Waiver of Defenses. (1) A party waives all defenses and objections that he does not present either by motion under subdivisions (b), (e) or (f) of this rule or, if he has made no motion, in his responsive pleading except as provided in subdivision (h) (2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.

Committee Note
1972 Amendment. Subdivision (a) is amended to eliminate the unnecessary statement of the return date when service is made by publication and to accommodate the change proposed in RCP 1.100(a) making a reply mandatory under certain circumstances. Motions to strike under subdivision (f) are divided into two categories so subdivision (a) is also amended to accomodate this change by eliminating motions to strike under the new subdivision (f) as motions that toll the running of time. A motion to strike an insufficient legal defense will now be available under subdivision (b) and continue to toll the time for responsive pleading. Subdivision (b) is amended to include the defense of failure to state a sufficient legal defense. The proper method of attack for failure to state a legal defense remains a motion to strike. Subdivision (f) is changed to accomodate the two types of motions to strike. The motion to strike an insufficient legal defense is now in subdivision (b). The motion to strike under subdivision (f) does not toll the time for responsive pleading, can be made at any time and the matter can be stricken from the court on its initiative at any time. Subdivision (g) follows the terminology of federal rule 12(g). Much difficulty has been experienced in the application of this and the succeeding subdivision with the result that the same defenses are being raised several times in an action. The intent of the rule is to permit the defenses to be raised one time, either by motion or by the responsive pleading, and thereafter only by motion for judgment on the pleadings or at the trial. Subdivision (h) also reflects this philosophy. It is based on federal rule 12(h) but more clearly states the purpose of the rule.

RULE 1.170. COUNTERCLAIMS AND CROSS-CLAIMS
(h) Additional Parties May be Brought In. When the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim or cross-claim, they shall be named in the counterclaim or cross-claim and be served with process and shall *25 be parties to the action thereafter if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action. Rule 1.250(b) and (c) applies to parties brought in under this subdivision.
(j) Demand Exceeding Jurisdiction; Transfer of Action. If the demand of any counterclaim or cross-claim exceeds the jurisdiction of the court in which the action is pending, the action shall be transferred forthwith to the court of the same county having jurisdiction of the demand in the counterclaim or cross-claim with only such alterations in the pleadings as are essential. The court shall order the transfer of the action and the transmittal of all papers in it to the proper court if the party asserting the demand exceeding the jurisdiction deposits with the court having jurisdiction a sum sufficient to pay the clerk's service charge in the court to which the action is transferred at the time of filing the counterclaim or cross-claim. Thereupon the original papers and deposit shall be transmitted and filed with a certified copy of the order. The court to which the action is transferred shall have full power and jurisdiction over the demands of all parties. Failure to make the service charge deposit at the time the counterclaim or cross-claim is filed, or within such further time as the court may allow, shall reduce a claim for damages to an amount within the jurisdiction of the court where the action is pending and waive the claim in other cases.

Committee Note
1972 Amendment. Subdivision (h) is amended to conform with the philosophy of the 1968 amendment to Rule 1.250(c). No justification exists to require more restrictive joinder provisions for counterclaims and cross-claims than is required for the initial pleading. The only safeguard required is that joinder does not deprive the court of jurisdiction. Subdivision (j) is amended to require deposit of the service charge for transfer when a counterclaim or cross-claim exceeding the jurisdiction of the court in which the action is pending is filed. This cures a practical problem when the defendant files a counterclaim or cross-claim exceeding the jurisdiction but neglects to pay the service charge to the court to which the action is transferred. The matter then remains in limbo and causes procedural difficulties in progressing the action.

RULE 1.200. PRETRIAL PROCEDURE
(a) Generally. After the action is at issue the court may of its own motion or shall on the timely motion of any party to the action require the attorneys for the parties to appear before it for a conference to consider and determine:
(1) The simplification of the issues:
(2) The necessity or desirability of amendments to the pleadings:
(3) The possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof:
(4) The limitation of the number of expert witnesses:
(5) The advisability of a preliminary reference of issues to a master for findings of fact for use by the court for pretrial purposes:
(6) Such other matters as may aid in the disposition of the action.
If a party moves for pretrial conference, the clerk shall transmit a copy of the motion to the judge to whom the action is assigned for trial.

Committee Note
1972 Amendment. Subdivision (a) is amended to require the motion for a pretrial by a party to be timely. This is done to avoid motions for pretrial conferences made a short time before trial and requests for a continuance of the trial as a result of the pretrial conference order. The subdivision is also amended to require the clerk to send to the judge a copy of the *26 motion by a party for the pretrial conference.

RULE 1.250. MISJOINDER AND NON-JOINDER OF PARTIES
(c) Adding Parties. Parties may be added once as a matter of course within the same time that pleadings can be so amended under Rule 1.190(a). If amendment by leave of court or stipulation of the parties is permitted, parties may be added in the amended pleading without further order of court. Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.

Committee Note
1972 Amendment. Subdivision (c) is amended to permit the addition of parties when the pleadings are amended by stipulation. This conforms the subdivision to all of the permissive types of amendment under Rule 1.190(a). It was an inadvertent omission by the committee when the rule in its present form was adopted in 1968 as can be seen by reference to the 1968 Committee Note.

RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY
(a) Discovery Methods. Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise and under subdivision (c) of this rule, the frequency of use of these methods is not limited.
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(2) Trial Preparation: Materials. Subject to the provisions of subdivision (b) (3) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. Upon request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of Rule 1.380(a) (4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement *27 signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.
(3) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b) (1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions pursuant to subdivision (b) (3) (C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b) (3) (A) and (b) (3) (B) of this rule; and concerning discovery from an expert obtained under subdivision (b) (3) (A) of this rule the court may require, and concerning discovery obtained under subdivision (b) (3) (B) of this rule shall require, the party seeking discovery to pay the other party a fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 1.380(a) (4) apply to the award of expenses incurred in relation to the motion.
(d) Sequence and Timing of Discovery. Except as provided in subdivision (b) (3) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or *28 otherwise, shall not delay any other party's discovery.
(e) Supplementing of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired.

Committee Note
1972 Amendment. The rule is derived from FR 26 as amended in 1970. Subdivisions (a), (b) (2) and (3) are new. Subdivision (c) contains material from former RCP 1.310(b). Subdivisions (d) and (e) are new but the latter is similar to former RCP 1.340(d). Significant changes are made in discovery from experts. The general rearrangement of the discovery rule is more logical and is the result of 35 years of experience under the federal rules.

RULE 1.310. DEPOSITIONS UPON ORAL EXAMINATION
(a) When Depositions May Be Taken. After commencement of the action any party may take the testimony of any person, including a party, by deposition upon oral examination. Leave of court, granted with or without notice, must be obtained only if the plaintiff seeks to take a deposition within 30 days after service of the process and initial pleading upon any defendant except that leave is not required (1) if a defendant has served a notice of taking deposition or otherwise sought discovery, or (2) if special notice is given as provided in subdivision (b) (2) of this rule. The attendance of witnesses may be compelled by subpoena as provided in Rule 1.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
(b) Notice of Examination. General requirements; special notice; non-stenographic recording; production of documents and things; deposition of organization.
(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced under the subpoena shall be attached to or included in the notice.
(2) Leave of court is not required for the taking of a deposition by plaintiff if the notice states that the person to be examined is about to go out of the state and will be unavailable for examination unless his deposition is taken before expiration of the 30 day period under subdivision (a). If a party shows that when he was served with notice under this subdivision, he was unable through the exercise of diligence to obtain counsel to represent him at the taking of the deposition, the deposition may not be used against him.
(3) For cause shown the court may enlarge or shorten the time for taking the deposition.
(4) Upon motion the court may order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving and filing the deposition and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense.
(5) The notice to a party deponent may be accompanied by a request made in compliance with Rule 1.350 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 1.350 shall apply to the request.
*29 (6) In his notice a party may name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.
(c) Examination and Cross-Examination; Record of Examination; Oath; Objections. Examination and cross-examination of witnesses may proceed as permitted at the trial. The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under his direction and in his presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other means ordered in accordance with subdivision (b) (4) of this rule. If requested by one of the parties, the testimony shall be transcribed at the initial cost of the requesting party and prompt notice of the request shall be given to all other parties. All objections made at time of the examination to the qualifications of the officer taking the deposition, or to the manner of taking it, or to the evidence presented, or to the conduct of any party and any other objection to the proceedings shall be noted by the officer upon the deposition. Evidence objected to shall be taken subject to the objections. Instead of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and he shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.
(d) Motion to Terminate or Limit Examination. At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition or may limit the scope and manner of the taking of the deposition under Rule 1.280(c). If the order terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 1.380(a) (4) apply to the award of expenses incurred in relation to the motion.
(e) Submission to Witness; Changes; Signing. When the testimony is fully transcribed, the deposition shall be submitted to the witness for examination and shall be read to or by him, unless the examination and reading are waived by the witness and by the parties. Any changes in form or substance that the witness desires to make shall be entered upon a separate correction page by the officer with a statement of the reasons given by the witness for making them. The corrections shall be attached to the deposition and it shall then be signed by the witness unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness within a reasonable time after its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign with the reason, if any, given therefor; and the deposition may then be used as fully as though signed unless on a motion to suppress under Rule 1.330(d) (4) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part.
*30 (f) Certification and Filing by Officer; Exhibits; Copies; Notice of Filing. (1) If transcribed, the officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope endorsed with the title of the action and marked "Deposition of (here insert name of witness)" and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk for filing. Documents and things produced for inspection during the examination of the witness shall be marked for identification and annexed to and returned with the deposition upon the request of a party, and may be inspected and copied by any party, except that the person producing the materials may substitute copies to be marked for identification if he affords to all parties fair opportunity to verify the copies by comparison with the originals, and if the person producing the materials requests their return, the officer shall mark them, give each party an opportunity to inspect and copy them, and return them to the person producing them and the materials may then be used in the same manner as if annexed to and returned with the deposition.
(2) Upon payment of reasonable charges therefor the officer shall furnish a copy of the deposition to any party or to the deponent.
(3) The party taking the deposition shall give prompt notice of its filing to all other parties unless it is waived.
(g) Failure to Attend or to Serve Subpoena; Expenses. (1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.
(2) If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon him and the witness because of the failure does not attend and if another party attends in person or by attorney because he expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to the other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.

Committee Note
1972 Amendment. Derived from FR 30 as amended in 1970. Subdivision (a) is derived from RCP 1.280(a); subdivision (b) from RCP 1.310(a) with additional matter added; the first sentence of subdivision (c) has been added and clarifying language added throughout the remainder of the rule.

RULE 1.320. DEPOSITIONS UPON WRITTEN QUESTIONS
(a) Serving Questions; Notice. After commencement of the action any party may take the testimony of any person, including a party, by deposition upon written questions. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 1.410. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. A party desiring to take a deposition upon written questions shall serve them with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with Rule 1.310(b) (6). Within 30 days after the notice and written questions are served, a *31 party may serve cross questions upon all other parties. Within 10 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 10 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.
(b) Officer to Take Responses and Prepare Record. A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice who shall proceed promptly to take the testimony of the witness in the manner provided by Rule 1.310(c), (e) and (f) in response to the questions and to prepare, certify, and file or mail the deposition, attaching the copy of the notice and the questions received by him.
(c) Notice of Filing. When the deposition was filed, the party taking it shall promptly give notice of the filing unless it is waived.

Committee Note
1972 Amendment. Derived from FR 31 as amended in 1970. The name of interrogatories has been changed to questions to avoid confusion with interrogatories to parties under RCP 1.340. Language changes resulting from the rearrangement of the discovery rules have been inserted and subdivision (d) deleted.

RULE 1.330. USE OF DEPOSITIONS IN COURT PROCEEDINGS
(a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent or a person designated under Rule 1.310(b) (6) or 1.320(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency that is a party may be used by an adverse party for any purpose.
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or (F) the witness is an expert or skilled witness.
(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Substitution of parties pursuant to Rule 1.260 does not affect the right to use depositions previously taken and, when an action in any court of the United States or of any State has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or *32 successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken for it.
(b) Objections to Admissibility. Subject to the provisions of Rule 1.300(b) and subdivision (d) (3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part of it for any reason that would require the exclusion of the evidence if the witness were then present and testifying.
(c) Effect of Taking or Using Depositions. A party does not make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part of it for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition under subdivision (a) (2) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by him or by any other party.
(d) Effect of Errors and Irregularities in Depositions.
(1) As to notice. All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.
(2) As to disqualification of officer. Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.
(3) As to taking of deposition.
(A) Objections to the competency of a witness or to the competency, relevancy or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one that might have been obviated or removed if presented at that time.
(B) Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation or in the conduct of parties and errors of any kind that might be obviated, removed or cured if promptly presented are waived unless timely objection to them is made at the taking of the deposition.
(C) Objections to the form of written questions submitted under Rule 1.320 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions and within 10 days after service of the last questions authorized.
(4) As to completion and return of deposition. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed or otherwise dealt with by the officer under Rules 1.310 and 1.320 are waived unless a motion to suppress the deposition or some part of it is made with reasonable promptness after the defect is, or with due diligence might have been, ascertained.

Committee Note
1972 Amendment. Derived from FR 32 as amended in 1970. Subdivisions (a), (b) and (c) are former RCP 1.280(d), (f) and (g) respectively. Subdivision (d) is derived from the entire former RCP 1.330.

RULE 1.340. INTERROGATORIES TO PARTIES
(a) Availability; Procedure for Use. Any party may serve upon any other party written interrogatories to be answered by the party to whom the interrogatories are directed or, if that party is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish the information *33 available to that party. Interrogatories may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading upon that party. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to in which event the reasons for objection shall be stated instead of an answer. The answers shall be signed by the person making them and the objections signed by the attorney making them. The party to whom the interrogatories were directed shall serve a copy of the answers and any objections within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the process and initial pleading upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 1.380(a) with respect to any objection to or other failure to answer an interrogatory.
(b) Scope; Use at Trial. Interrogatories may relate to any matters that can be inquired into under Rule 1.280(b), and the answers may be used to the extent permitted by the rules of evidence except as otherwise provided in this subdivision. An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the personal knowledge of the party. A party shall respond to such an interrogatory by giving the information he has and the source on which the information is based. Such a qualified answer may not be used as direct evidence for or impeachment against the party giving the answer unless the court finds it otherwise admissible under the rules of evidence. If a party introduces an answer to an interrogatory, any other party may require him to introduce any other interrogatory and answer that in fairness ought to be considered with it.
(c) Option to Produce Business Records. When the answer to an interrogatory may be derived or ascertained from the records of the party to whom the interrogatory has been directed or from an examination, audit or inspection of the records, or from a compilation, abstract or summary based on them and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, it is a sufficient answer to the interrogatory to specify the records from which the answer may be derived or ascertained and to offer to the party serving the interrogatory reasonable opportunity to examine, audit or inspect the records and to make copies, compilations, abstracts or summaries.
(d) Effect on Co-Party. Answers made by a party shall not be binding on a co-party.
(e) Form. The interrogatories shall be so arranged that a blank space shall be provided after each separately numbered interrogatory. The space shall be reasonably calculated to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. The original of the interrogatories and a copy shall be served on the party to whom the interrogatories are directed and copies on all other parties as provided in Rule 1.080. A copy of the interrogatories with an executed certificate of service or an attached notice that the interrogatories have been served, giving the date of service, shall be filed as provided in Rule 1.080(d). The answering party shall use the original interrogatories for his answers and objections. When the original interrogatories have been completed by the answering party, it shall be filed and copies served as provided in Rule 1.080.

Committee Note
1972 Amendment. Subdivisions (a), (b) and (c) are derived from FR 33 as amended *34 in 1970. Changes from the existing rule expand the time for answering, permit interrogatories to be served with the initial pleading or at any time thereafter and eliminate the requirement of a hearing on objections. If objections are made, the interrogating party has the responsibility of setting a hearing if he wants an answer. If the interrogatories are not sufficiently important, the interrogating party may let the matter drop. Subdivision (b) covers the same matter as the present RCP 1.340 (b) except those parts that have been transferred to RCP 1.280. It also eliminates the confusion between facts and opinions or contentions by requiring that all be given. Subdivision (c) gives the interrogated party an option to produce business records from which the interrogating party can derive the answers to questions. Subdivision (d) is former subdivision (c) without change. Former subdivision (d) is repealed because it is covered in RCP 1.280(e). Subdivision (e) is derived from the New Jersey rules and is intended to place both the interrogatories and the answers to them in a convenient place in the court file so that they can be referred to with less confusion. The requirement for filing a copy before the answers are received is necessary in the event of a dispute concerning what was done or the appropriate times involved.

RULE 1.350. PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON FOR INSPECTION AND OTHER PURPOSES
(a) Request; Scope. Any party may request any other party (1) to produce and permit the party making the request, or someone acting in his behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phono-records and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of Rule 1.280(b) and that are in the possession, custody or control of the party to whom the request is directed; or (2) to produce and permit the party making the request, or someone acting in his behalf, to inspect and copy, test or sample any tangible things that constitute or contain matters within the scope of Rule 1.280(b) and that are in the possession, custody or control of the party to whom the request is directed; or (3) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property or any designated object or operation on it within the scope of Rule 1.280(b).
(b) Procedure. Without leave of court the request may be served upon the plaintiff after commencement of the action and upon any other party with or after service of the process and initial pleading upon that party. The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place and manner of making the inspection and performing the related acts. The party to whom the request is directed shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading upon that defendant. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. The party submitting the request may move for an order under Rule 1.380(a) concerning any objection or other failure to respond to the request or any part of it, or any failure to permit inspection as requested.
(c) Persons not Parties. This rule does not preclude an independent action against *35 a person not a party for production of documents and things and permission to enter upon land.

Committee Note
1972 Amendment. Derived from FR 34 as amended in 1970. The new rule eliminates the good cause requirement of the former rule, changes the time for making the request and responding to it and changes the procedure for the response. If no objection to the discovery is made, inspection is had without a court order. While the good cause requirement has been eliminated, the change is not intended to overrule cases limiting discovery under this rule to the scope of ordinary discovery nor is it intended to overrule cases limiting unreasonable requests such as those reviewed in Devere v. Holmes, Fla.App., 156 So.2d 899; IBM v. Elder, Fla.App., 187 So.2d 82 and Miami v. Florida Public Service Commission, Fla., 226 So.2d 217. It is intended that the court review each objection and weigh the need for discovery and the likely results of it against the rights of privacy of the party or witness or custodian.

RULE 1.360. PHYSICAL AND MENTAL EXAMINATION OF PERSONS
(a) Order for Examination. When the mental or physical condition, including the blood group, of a party or of a person in the custody or under the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce the person in his custody or legal control for examination. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.
(b) Report of Examining Physician.
(1) If requested by the party against whom an order is made under subdivision (a) or the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings, including results of all tests made, diagnosis and conclusions, with similar reports of all earlier examinations of the same condition. After delivery the party causing the examination to be made shall be entitled upon request to receive from the party against whom the order is made a similar report of any examination of the same condition previously or thereafter made, unless in the case of a report of examination of a person not a party the party shows that he is unable to obtain it. On motion the court may order delivery of a report on such terms as are just and if a physician fails or refuses to make a report, the court may exclude his testimony if offered at the trial.
(2) By requesting and obtaining a report of the examination so ordered or by taking the deposition of the examiner, the party examined waives any privilege he may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or may thereafter examine him concerning the same mental or physical condition.
(3) This subdivision applies to examinations made by agreement of the parties unless the agreement provides otherwise. This subdivision does not preclude discovery of a report of an examining physician or taking the deposition of the physician in accordance with any other rule.

Committee Note
1972 Amendment. Derived from FR 35 as amended in 1970. The good cause requirement under this rule has been retained so that the requirements of Schlagenhauf v. Holder, 379 U.S. 104, 85 *36 S.Ct. 234, 13 L.Ed.2d 152, have not been affected. Subdivision (b) is changed to make it clear that reports can be obtained whether an order for the examination has been entered or not and that all earlier reports of the same condition can also be obtained.

RULE 1.370. REQUESTS FOR ADMISSION
(a) Request for Admission. A party may serve upon any other party a written request for the admission of the truth of any matters within the scope of Rule 1.280(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court the request may be served upon the plaintiff after commencement of the action and upon any other party with or after service of the process and initial pleading upon that party. Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the process and initial pleading upon him. If objection is made, the reasons shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; he may deny the matter or set forth reasons why he cannot admit or deny it, subject to Rule 1.380(c). The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. Instead of these orders the court may determine that final disposition of the request be made at a pre-trial conference or at a designated time before trial. The provisions of Rule 1.380(a)(4) apply to the award of expenses incurred in relation to the motion.
(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to Rule 1.200 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

*37 Committee Note
1972 Amendment. Derived from FR 36 as amended in 1970. The rule is changed to eliminate distinctions between questions of opinion, fact and mixed questions. The time sequences are changed in accordance with the other discovery rules and case law is incorporated by providing for amendment and withdrawal of the answers and for judicial scrutiny to determine the sufficiency of the answers.

RULE 1.380. FAILURE TO MAKE DISCOVERY: SANCTIONS
(a) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:
(1) Appropriate Court. An application for an order to a party may be made to the court in which the action is pending or in accordance with Rule 1.310(d). An application for an order to a deponent who is not a party shall be made to the circuit court where the deposition is being taken.
(2) Motion. If a deponent fails to answer a question propounded or submitted under Rules 1.310 or 1.320, or a corporation or other entity fails to make a designation under Rule 1.310(b) (6) or 1.320(a), or a party fails to answer an interrogatory submitted under Rule 1.340, or if a party in response to a request for inspection submitted under Rule 1.350 fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order. If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 1.280(c).
(3) Evasive or Incomplete Answer. For purposes of this subdivision an evasive or incomplete answer shall be treated as a failure to answer.
(4) Award of Expenses of Motion. If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorney's fees, unless the court finds that the opposition to the motion was justified or that other circumstances make an award of expenses unjust. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
(b) Failure to Comply With Order.
(1) If a deponent fails to be sworn or to answer a question after being directed to do so by the court, the failure may be considered a contempt of the court.
(2) If a party or an officer, director, or managing agent of a party or a person designated under Rule 1.310(b) (6) or 1.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery including an order made under subdivision (a) of this rule or Rule 1.360, the court in which the action is pending may make any of the following orders:
(A) An order that the matters regarding which the questions were asked or any other designated facts shall be taken to be established for the purposes of the action *38 in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
(C) An order striking out pleadings or parts of them or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part of it, or rendering a judgment by default against the disobedient party;
(D) Instead of any of the foregoing orders or in addition to them, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
(E) When a party has failed to comply with an order under Rule 1.360(a) requiring him to produce another for examination, the orders listed in paragraphs (A), (B) and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce the person for examination.
(F) Instead of any of the foregoing orders or in addition to them, the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure that may include attorney's fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust.
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof that may include attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 1.370(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter or (4) there was other good reason for the failure to admit.
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under Rule 1.310(b) (6) or 1.320(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 1.340 after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b) (2) of this rule. Instead of any order or in addition to it, the court shall require the party failing to act to pay the reasonable expenses caused by the failure that may include attorney's fees, unless the court finds that the failure was justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 1.280(c).

Committee Note
1972 Amendment. Derived from FR 37 as amended in 1970. Subdivision (a) (3) is new and makes it clear that an evasive or incomplete answer is a failure to answer under the rule. Other clarifying changes have been made within the general scope of the rule to assure that complete coverage of all discovery failures is afforded.

RULE 1.390. DEPOSITIONS OF EXPERT WITNESSES
(b) Procedure. The testimony of an expert or skilled witness may be taken *39 at any time before the trial in accordance with the rules for taking depositions and may be used at trial, regardless of the place of residence of the witness or whether he is within the distance prescribed by Rule 1.330(a) (3). No special form of notice need be given that the deposition will be used for trial.

Committee Note
1972 Amendment. This rule has caused more difficulty in recent years than any other discovery rule. It was enacted as a statute originally to make the presentation of expert testimony less expensive and less onerous to the expert and to admit the expert's deposition at trial regardless of his residence. In spite of its intent, courts seem determined to misconstrue the plain language of the rule and cause complications that the committee and the legislature did not envisage. See Owca v. Zemzicki, Fla.App., 137 So.2d 876; Cook v. Lichtblau, Fla.App., 176 So.2d 523, and Bondy v. West, Fla.App., 219 So.2d 117. The committee hopes the amendment to subdivision (b) will show that the intent of the rule is to permit a deposition taken of an expert in conformity with any rule for the taking of a deposition to be admitted, if otherwise admissible under the rules of evidence, regardless of the residence of the expert. In short, the rule eliminates the necessity of any of the requirements of RCP 1.330(a) (3) when the deposition offered is that of an expert.

RULE 1.410. SUBPOENA
(a) Subpoena for Testimony Before the Court.
(1) Every subpoena for testimony before the court shall be issued by the clerk under the seal of the court and, when requested, shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony at a time and place specified in it.
(2) On oral request of an attorney or party and without praecipe, the clerk shall issue a subpoena for testimony before the court or a subpoena for the production of documentary evidence before the court signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed and the subpoena shall be filled in before service by the attorney or party.
(d) Subpoena for Taking Depositions.
(1) Filing a notice to take a deposition as provided in Rules 1.310(b) or 1.320(a) with a certificate of service on it showing service on all parties to the action constitutes an authorization for the issuance of subpoenas for the persons named or described in the notice by the clerk of the court in which the action is pending. The subpoena may command the person to whom it is directed to produce designated books, papers, documents or tangible things that constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.280 (b), but in that event the subpoena will be subject to the provisions of Rule 1.280(c) and subdivision (b) of this rule. Within 10 days after its service or on or before the time specified in the subpoena for compliance if the time is less than 10 days after service, the person to whom the subpoena is directed, may serve written objection to inspection or copying of any of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. If objection has been made, the party serving the subpoena may move for an order at any time before or during the taking of the deposition upon notice to the deponent.

Committee Note
1972 Amendment. Subdivisions (a) and (d) are amended to show the intent of the rule that subpoenas for deposition may not be issued in blank by the clerk, but only for trial. The reason for the distinction is valid. A subpoena for appearance before *40 the court is not subject to abuse because the court can correct any attempt to abuse the use of blank subpoenas. Since a judge is not present at a deposition, additional protection for the parties and the deponent is required and subpoenas should not be issued in blank. Subdivision (d) is also modified to conform with the revised federal rule on subpoenas for depositions to permit an objection by the deponent to the production of material required by a subpoena to be produced.

RULE 1.430. DEMAND FOR JURY TRIAL  WAIVER
(d) Waiver. A party who fails to serve a demand as required by this rule waives trial by jury. If waived, a jury trial may not be granted without the consent of the parties but the court may allow an amendment in the proceedings to demand a trial by jury or order a trial by jury on its own motion. A demand for trial by jury may not be withdrawn without the consent of the parties.

Committee Note
1972 Amendment. The subdivision is amended to conform to the decisions construing it. See Wood v. Warriner, Fla., 62 So.2d 728; Bittner v. Walsh, Fla.App., 132 So.2d 799 and Shores v. Murphy, Fla., 88 So.2d 294. It is not intended to overrule Wertman v. Tipping, Fla.App., 166 So.2d 666, that requires a moving party to show justice requires a jury.

RULE 1.440. SETTING CASE FOR TRIAL
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served.
(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required and whether it is to be tried by a jury or not. The clerk shall then submit the notice and the case file to the court.
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than thirty days from the service of the notice specified in subdivision (b). By giving the same notice, the court may set an action for trial on its own motion.

Committee Note
1972 Amendment. All references to the pretrial conference are deleted because these are covered in RCP 1.200.

RULE 1.442. OFFER OF JUDGMENT
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment that shall have the same effect as an offer made before trial if it is served within a reasonable *41 time, not less than ten days, before beginning of the hearing or trial to determine the amount or extent of liability.

Committee Note
Adopted 1972. The rule is the same as FR 68. The committee believes that it will not be used often based on information about the equivalent federal rule.

RULE 1.500. DEFAULTS AND FINAL JUDGMENTS THEREON
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party attempts to file any paper after a default is entered, the clerk shall return the paper to the party and notify him of the entry of the default. The clerk shall make an entry on the progress docket of the action taken.

RULE 1.560. DISCOVERY IN AID OF EXECUTION
In aid of a judgment, decree or execution the judgment creditor or his successor in interest, when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

Committee Note
1972 Amendment. The rule is expanded to permit discovery in any manner permitted by the rules and conforms to the 1970 change in Federal Rule 69(a).

RULE 1.627. TRUST ACCOUNTING
(b) Resident Agent. Every trustee qualified by the court except corporate fiduciaries shall designate a resident agent in the county where the action is pending and shall file the designation at the hearing on the petition. The designation shall state the name and address of the resident agent and shall contain his consent to act as resident agent. The designation authorizes a resident agent to accept service that will bind the trustee in his representative capacity and individually in any proceeding arising out of his fiduciary capacity. Service shall be made on the resident agent only when the trustee cannot be served within the State. Inability to perfect personal service on the trustee may be evidenced by a return of the person authorized to make service.

FORM 1.915. WRIT OF POSSESSION

WRIT OF POSSESSION
THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF THE STATE:
 YOU ARE COMMANDED to remove
all persons from the following described
property in ___________ County, Florida:
 (describe property)
and to put _______________ in possession
of it.
WITNESS my hand and the seal of this court on ________, 19__.
 (Name of Clerk)
 As Clerk of the Court
 By _______________________
 As Deputy Clerk

Committee Note
The form is changed to make the direction conform to the statutory requirement in F.S. § 48.011 F.S.A.

FORM 1.916. WRIT OF ASSISTANCE
THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF THE STATE:
YOU ARE COMMANDED to enter on the following described property in _________ County:
 (describe property)
and eject _______________ and his agents and servants from the property and to put __________________ in immediate exclusive and peaceable possession of it.
*42 WITNESS my hand and the seal of this court on ________, 19__.
 (Name of Clerk)
 As Clerk of the Court
 By _______________________
 As Deputy Clerk

Committee Note
This form is changed for the same reason as given in the preceding form.

FORM 1.949. IMPLIED WARRANTY COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. Defendant manufactured a product known and described as (describe product).
3. Defendant warranted that the product was reasonably fit for its intended use as (describe intended use).
4. On ____________________, 19__, at _______________ in ______________ County, Florida, the product (describe the occurrence and defect that resulted in injury) while being used for its intended purpose, causing injuries to plaintiff who was then a user of the product.
5. As a result plaintiff was injured in and about his body and extremities, suffered pain therefrom, incurred medical expense in the treatment of the injuries, suffered physical handicap and his working ability was impaired; the injuries are either permanent or continuing in their nature and plaintiff will suffer the losses and impairment in the future.
WHEREFORE plaintiff demands judgment for damages against defendant.

Committee Note
This form is changed to require an allegation of the defect in paragraph 4. Contentions were made in trial courts that the form as presently authorized eliminated the substantive requirement that the plaintiff prove a defect except under those circumstances when substantive law eliminates the necessity of such proof. Paragraph 4 is amended to show that no substantive law change was intended.

FORM 1.951. FALL-DOWN NEGLIGENCE COMPLAINT

COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On ____________, 19__, defendant was the owner and in possession of a building at _____________ in ____________, Florida, that was used as a (describe use).
3. At that time and place plaintiff went on the property to (state purpose).
4. Defendant negligently maintained (describe item) on the property by (describe negligence or dangerous condition) so that plaintiff fell on the property.
5. The negligent condition was known to defendant or had existed for a sufficient length of time so that defendant should have known of it.
6. As a result plaintiff was injured in and about his body and extremities, suffered pain therefrom, incurred medical expense in the treatment of the injuries, suffered physical handicap and his working ability was impaired; the injuries are either permanent or continuing in nature and plaintiff will suffer the losses and impairment in the future.
WHEREFORE plaintiff demands judgment for damages against defendant.