464 So.2d 643 (1985)
Donald L. MIMS, Personal Representative of the Estate of Maria Mims, Petitioner,
v.
A. Carlos CASADEMONT, M.D., Respondent.
No. 84-2363.
District Court of Appeal of Florida, Third District.
March 5, 1985.
Sams, Ward, Newman, Beckham & Elser, Greene & Cooper and Robyn Greene, Miami, for petitioner.
Lee, Schulte, Murphy & Coe and Jack Coe, Jupiter, for respondent.
Before SCHWARTZ, C.J., and BASKIN, and JORGENSON, JJ.
JORGENSON, Judge.
The petitioner, plaintiff below, Donald L. Mims, seeks quashal of a trial court order compelling production of certain reports rendered by an expert (in this case, a psychiatrist) who is expected to testify at trial. We conclude that the trial court correctly construed the operative provisions of Florida Rule of Civil Procedure 1.280(b) and did not depart from the essential requirements of law; therefore, we deny certiorari.
Donald L. Mims, personal representative of the estate of Maria Mims, sued Dr. A. Carlos, Casademont, alleging that the doctor committed medical malpractice by prescribing large doses of addictive drugs and abruptly terminating her care. Following the usual discovery practice in such cases, the defendant requested, through expert witness interrogatories, the names of any psychiatrists who would be called upon to testify at trial. The plaintiff furnished the name of Dr. Charles Mutter, who was duly noticed for deposition and was requested to produce all documents relating to the examination of Maria Mims' medical records and any other pertinent information. At the deposition, Mutter testified that he had furnished two reports to plaintiff's counsel. Plaintiff's counsel objected to production of these reports on the ground that they were work product and instructed Dr. Mutter not to produce them. Thereafter, the defendant *644 moved to compel production of the reports contending that it was necessary to review them in order to prepare properly for cross-examination. The plaintiff's counsel objected on the aforesaid basis that the reports were prepared in anticipation of litigation and, therefore, were work product. The trial court granted the defendant's motion to produce, and we approve the decision.
Florida Rule of Civil Procedure 1.280 was amended on July 26, 1972, and became effective on January 1, 1973. In Re The Florida Bar: Rules of Civil Procedure, 265 So.2d 21 (Fla. 1972). The committee note to this rule states:
The rule is derived from FR 26 as amended in 1970. Subdivisions (a), (b)(2) and (3) are new... . Significant changes are made in discovery from experts. The general rearrangement of the discovery rule is more logical and is the result of 35 years of experience under the federal rules.
Id. at 28.
According to an advisory committee's note to the amended Federal Rule of Civil Procedure 26, the broadening of discovery under the federal rules resulted from the growing recognition that discovery of expert trial witnesses was needed for effective cross-examination and rebuttal in "cases present[ing] intricate and difficult issues as to which expert testimony is likely to be determinative." Fed.R.Civ.P. 26(b)(4) advisory committee note of 1970. Additionally, "[a]lthough the trial problems flowing from lack of discovery of expert witnesses are most acute and noteworthy when the case turns largely on experts, the same problems are encountered when a single expert testifies." Id. We agree with the advisory committee that decisions which have sought to bring expert information within the work product doctrine are "ill-considered." Id.
In Florida, "[a] party may now [subsequent to the 1972 amendment] discover both facts and opinions held by experts if they are relevant to the subject matter and are not privileged even if required or developed in anticipation of litigation or for trial." H.P. Trawick, Jr., Trawick's Florida Practice and Procedure § 16-3 (1984).
Both parties agree that, since there are no Florida cases addressing the discoverability of an expert's record under the new Florida rules, federal cases are persuasive in interpreting these rules. See, e.g., Frantz v. Golebiewski, 407 So.2d 283, 285 n. 4 (Fla. 3d DCA 1981).
Under Federal Rule of Civil Procedure 26(b)(4), the report of an expert retained to testify is not protected by the work product privilege. See Beverage Marketing Corp. v. Ogilvy & Mather Direct Responses, Inc., 563 F. Supp. 1013 (S.D.N.Y. 1983); see also In Re IBM Peripheral EDP Devices Antitrust Litigation, 77 F.R.D. 39 (N.D.Cal. 1977); Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp., 425 F. Supp. 81 (D.Conn. 1977).
Mims' reliance on the decision in Bogosian v. Gulf Oil Corp., 738 F.2d 587 (3d Cir.1984) (documents prepared by attorney containing attorney's mental impressions and thought processes represented core work product and were not discoverable) is misplaced. Here, the reports were prepared by the expert witness, not the attorney.
Accordingly, we hold that reports prepared by experts expected to testify at trial are not protected by the work product privilege and are discoverable.
Certiorari denied.