PER CURIAM.
Appellant, Metropolitan Dade County (Dade County), appeals from a final judgment in favor of appellees, Sims Paving Corporation (Sims), and Employers Insurance of Wausau (Wausau). We affirm.
Dade County contracted with Sims to build a road. Wausau bonded the performance of Sims. Sims sued Dade County alleging breach of contract. Dade County *767 countersued against Sims. Dade County also sued Wausau on the surety bond.
Dade County contends that the trial court erred: (1) in precluding Dade County from impeaching one of Wausau’s witnesses with a report prepared by a Wausau expert, not called at trial; and (2) in refusing to grant Dade County additional peremptory challenges.
We find that the use by Dade County of the Wausau expert’s report was properly excluded because the expert was never called to testify. See e.g. Mims v. Casade-mont, 464 So.2d 643 (Fla. 3d DCA 1985).
We also find no merit in Dade County’s second contention. During voir dire, Dade County requested additional peremptory challenges. However, Dade County never objected to any of the jurors ultimately empaneled.
The rule is well settled:
Under Florida law, “(t)o show reversible error, a [party] must show that all per-emptories had been exhausted and that an objectionable juror had to be accepted.”
Trotter v. State, 576 So.2d 691 (Fla.1990) (quoting Pentecost v. State, 545 So.2d 861 (Fla.1989)).
In Penn ¶. State, 574 So.2d 1079 (Fla. 1991), the Florida Supreme Court explained that even where the trial court erroneously refused to excuse prospective jurors, such error was harmless where no prejudice was shown, “i.e. that he had to accept an objectionable juror.” Penn v. State, 574 So.2d at 1081.
The record here fails to “show that the jury empaneled contained at least one [objectionable] juror ... to [the party], who sought to excuse him peremptorily.” Penn v. State, 574 So.2d at 1081 (quoting Young v. State, 85 Fla. 348, 96 So. 381 (1923)).
Accordingly, we affirm.