360 So.2d 132 (1978)
Juan SALAZAR and Nieves Salazar, His Wife, Appellants,
v.
Carlos VALLE and Felicia Valle, His Wife, and State Farm Fire and Casualty Insurance Company, Appellees.
Nos. 77-1214, 77-1215.
District Court of Appeal of Florida, Third District.
June 27, 1978.
*133 Goldstein & Goldstein and Caron Balkany, Miami, for appellants.
John A. Finn and George V. Lanza and R. David Donlin, Coral Gables, for appellees.
Before PEARSON and HUBBART, JJ., and PARKER, J. GWYNN (Ret.), Associate Judge.
PER CURIAM.
In this personal injury action, we have consolidated an appeal by the plaintiffs from a summary final judgment, and an interlocutory appeal by the plaintiffs from an order granting defendants' motion to amend response to plaintiffs' request for admissions.
Appellants, Juan and Nieves Salazar, plaintiffs in the trial court, filed a complaint against defendants, Carlos and Felicia Valle and State Farm Fire and Casualty Insurance Company, appellees herein, seeking damages for personal injuries. The complaint contains allegations of specific acts of negligence on the part of the Valles as owners of the premises where the accident is alleged to have occurred. An alias summons directed the sheriff to serve interrogatories and a request for admissions on the defendants together with the complaint. Request for admissions no. 4, sets forth verbatim the allegations of negligence contained in the complaint.
The sheriff's return of service was filed on November 13, 1976. By letter dated March 31, 1977, defendants' attorney advised plaintiffs' attorney that he never received a copy of the request for admissions, and asked that he be furnished a copy. On April 13, 1977, plaintiffs' attorney provided a copy of the request for admissions, but insisted that he considered the admissions to be admitted since there was no response to his request for over five months, which is far in excess of the time allowed in Florida Rule of Civil Procedure 1.370, governing requests for admissions.
On May 2, 1977, defendants filed answers to the request for admissions, denying Request no. 4. On the same date, defendants also filed a motion to withdraw or amend their response to the request for admissions on the grounds that they never received a copy of the request until April 13, 1977, and further, that Request no. 4 was improper and thus, required no response.
At a hearing on May 4, 1977, the trial judge granted defendants' motion to amend response to request for admissions, permitting the defendants to enter a denial of Request no. 4, inasmuch as said request was improper and objectionable on its face, and did not call for a response. At the same hearing, final summary judgment was entered in favor of the defendants. This appeal and interlocutory appeal ensued.
Reaching first the entry of summary final judgment in favor of the defendants, we find that the pleadings, depositions, interrogatories and other material of record demonstrate that there are questions of material fact to be determined by the trier of fact. Therefore, we hold that the entry of the summary final judgment was improper, and we reverse and remand for further proceedings.
The second question to be addressed is whether the trial court correctly determined that Request no. 4 was improper, objectionable and did not call for a response; and correctly entered the order permitting defendants to amend and enter denial of Request no. 4. The record shows that Request no. 4 asked defendants to admit the truth of the allegations of negligence contained in the plaintiffs' complaint. In order to decide whether the request for admission asking defendants to admit the truth of the allegations of negligence in plaintiffs' complaint is proper, we look to the Rules of Civil Procedure.
Florida Rule of Civil Procedure 1.280(b)(1), entitled "General Provisions Governing Discovery," provides that
"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action ..."
Florida Rule of Civil Procedure 1.370(a), entitled "Requests for Admissions," permits requests for admissions

*134 "... of the truth of any matters within the scope of Rule 1.280(b) . . that relate to statements or opinions of fact or of the application of law to fact..."
There is a body of Florida law stemming from the case of City of Miami v. Bell, 253 So.2d 742, 744 (Fla.3d DCA 1971), which stands for the proposition that admissions are properly objectionable (1) where they seek admissions as to disputed facts lying at the heart of the case, and (2) where they seek admissions as to conclusions of law. This principle, however, was based on Rule 1.370 as it was framed before the 1972 Amendment to the Rules of Civil Procedure, and it is no longer the applicable law. The predecessor to our present Rule 1.370, which was entitled "Admission of Facts and Genuineness of Documents," provided that a party could serve a written request for
"... the truth of any relevant matters of fact set forth in the request."
We interpret Rule 1.370, as amended, to permit the type of admission requested in the case now before us, as a "matter, not privileged, that is relevant to the subject matter of the pending action," and as an "application of law to fact."
Therefore, the trial court's determination that Request no. 4 was improper, objectionable and did not call for a response, was erroneous. We reverse the order permitting defendants to withdraw or amend their response, and we remand the cause to the trial judge to inquire into and make a determination of such matters as whether the defendants timely received a copy of the request for admissions; whether there was a timely response by the defendants; if not, whether there is some justification for an untimely response; whether the request for admissions should be deemed admitted; and if so, whether relief ought to be granted under Rule 1.370(b). This rule, entitled "Effect of Admission," provides as follows:
"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to Rule 1.200 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits... ."
The summary final judgment is reversed. The order permitting withdrawal or amendment of response is reversed and the entire cause is remanded to the trial court with instructions to proceed in accordance with this opinion.
Reversed and remanded.