390 So.2d 489 (1980)
Lowell Thomas STOKES, Appellant,
v.
Steven E. CLARK and United Service Automobile Association, Appellees.
No. TT-445.
District Court of Appeal of Florida, First District.
December 2, 1980.
*490 Ferrin C. Campbell, Sr., Crestview, for appellants.
Richard M. Denney of Timmel, Denney & Brannon, P.A., Fort Walton Beach, for appellees.
PER CURIAM.
The plaintiffs Stokes and wife filed an action for damages sustained in an automobile accident with the defendant Clark. Prior to trial, the plaintiffs filed requests for admission from the defendant Clark and his automobile liability carrier requesting they admit (1) that the defendant negligently operated his automobile at the time of the accident, and (2) that the plaintiff Stokes did not negligently operate his automobile. The defendant denied these requests for admission.
At the conclusion of all of the evidence at the trial, the plaintiffs moved for a directed verdict on the issue of liability of the defendant. This motion was denied and the jury returned verdicts in favor of each plaintiff. After the entry of judgments, the plaintiffs' attorney filed a motion for the assessment of attorney's fees and costs pursuant to Fla.R.Civ.P. Rule 1.380(c), on the grounds that the defendant had denied the plaintiffs' request to admit negligence on the part of the defendant and had denied plaintiffs' request to admit no negligence on the part of the plaintiff. The trial court denied plaintiffs' motion for attorney's fees finding that the defendants had reasonable grounds to believe they might prevail at trial on those issues which the plaintiffs requested they admit.
Plaintiffs appeal from that part of the trial court order denying attorney's fees and costs pursuant to Fla.R.Civ.P. Rule 1.380(c). Fla.R.Civ.P. Rule 1.380(c), provides that if a party fails to admit the truth of any matter requested and the other party thereafter proves the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making *491 that proof which may include attorney's fees; however, the mere fact that the requesting party obtained a jury verdict in his favor on that issue does not entitle him to an award of an attorney's fee. Fla.R.Civ.P. Rule 1.380(c) further provides in part "the court shall make the order unless it finds that * * * (3) the party failing to admit had reasonable grounds to believe that he might prevail on the matter * * *." Although a jury may find against a party on an issue he has denied, the question of whether the party requesting the admission is entitled to an attorney's fee and costs for failure to admit, requires that he not only prove the issue denied but also requires a finding that the party failing to admit did not have a reasonable ground to believe that he might prevail on that issue. The trial court found that the defendant did have a reasonable ground to believe that he might prevail on the issue of negligence and denied plaintiffs' motion to assess an attorney's fee pursuant to Fla.R.Civ.P. Rule 1.380(c). The record reveals competent substantial evidence to support the order of the trial court and there is no showing of an abuse of discretion.
Prior to Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), negligence of the parties was ordinarily a matter for a jury's determination. Since the adoption of the comparative negligence rule in Hoffman, negligence of the parties is seldom a question of law and it is an extremely rare case in which it is not a jury question. Petroleum Carrier Corp. v. Gates, 330 So.2d 751 (Fla. 1st DCA 1976).
In this case, the trial court denied the plaintiff's motion for a directed verdict on the issue of liability of defendant. A directed verdict should be entered only where the state of the evidence is such that a jury of reasonable men could not reach a contrary result. Both plaintiffs and defendants should have an opportunity to have issues which the court has decided are jury questions, to be decided by the jury without having to hazard the penalty of an assessment of costs and attorney's fees against them in the event the jury should rule against them on the issue. Otherwise, requests for admission may be used for the purpose of recovering attorney's fees and costs for the respective parties rather than discovery. A majority of comparative negligence cases result in some finding of negligence on both parties. If the plaintiff requested the defendant to admit negligence which he denies, and the defendant requested the plaintiff to admit contributing negligence which he denies, and the jury finds both guilty of varying degrees of negligence, there could be a claim for attorneys fees and costs by both parties if prevailing on the issue of negligence was the only requirement.
It is not the purpose of Fla.R.Civ.P. Rule 1.380, to establish a foundation for the assessment of attorney's fees and costs. The purpose of the rule is to compel discovery and to penalize those parties improperly failing to comply with the discovery rules.
AFFIRMED.
MILLS, C.J., and McCORD and THOMPSON, JJ., concur.