450 So.2d 592 (1984)
PANDOL BROTHERS, INC., a Corporation, Appellant,
v.
NCNB NATIONAL BANK OF FLORIDA f/k/a Gulfstream Bank, N.A., Appellee.
No. 83-2004.
District Court of Appeal of Florida, Fourth District.
May 23, 1984.
Rehearings Denied June 14, 1984.
*593 Gary Gerrard of Haddad, Josephs & Jack, Coral Gables, for appellant.
Karen Kantner and Frank J. Sinagra of Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
Pandol Brothers, Inc., appeals from a summary final judgment in favor of NCNB National Bank of Florida (NCNB) permitting recovery for the amount of an overdraft in the account of Pandol Brothers, occasioned by the dishonor of three checks by Commercial Trust Bank, the bank on which the checks were drawn. We reverse.
Pandol Brothers maintained a business checking account with NCNB whereby NCNB agreed to honor demand drafts (checks) drawn upon the account, and Pandol Brothers agreed to make deposits into the account sufficient to cover such drafts. This procedure established what is commonly referred to as a provisional credit.
On January 28, 1982, Pandol Brothers deposited three checks to its account. Those checks were forwarded to Manufacturers Hanover Trust Company for collection through the Federal Reserve System. Manufacturers Hanover caused the checks to be delivered to Commercial Trust Bank where, in due course, they were dishonored. It is unclear from the record whether the checks were initially returned to NCNB on February 3rd, and, while that fact may need to be established in terms of ultimate liability, it is not an essential determination underlying the conclusion we reach based upon the additional facts. The record is clear that the checks were ultimately returned unpaid to NCNB on February 23, 1982, and debited to the account of Pandol Brothers in two installments, one on March 12, 1982, and one on March 18, 1982. These debits created an overdraft of $13,710.38, the amount of the underlying summary final judgment.
*594 The primary issue on appeal is whether NCNB had the right to charge back to the account of Pandol Brothers the amount of the overdraft generated by dishonor of the checks during the process of collection. Whether we reach the substantive issue turns upon the question of whether procedurally the issue has been raised by the pleadings and, if so, whether a genuine issue of material fact remained unresolved on the record before the trial court at the time of the summary final judgment.
The legal issue involved is encompassed by Section 674.212(1), Florida Statutes (1983), which provides:
Right of charge-back or refund. 
(1) If a collecting bank has made provisional settlement with its customer for an item and itself fails by reason of dishonor, suspension of payments by a bank or otherwise to receive a settlement for the item which is or becomes final, the bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account or obtain refund from its customer whether or not it is able to return the items if by its midnight deadline or within a longer reasonable time after it learns the facts it returns the item or sends notification of the facts. These rights to revoke, charge back and obtain refund terminate if and when a settlement for the item received by the bank is or becomes final (ss. 674.211(3) and 674.213(2), (3)).
Pandol Brothers' position on appeal is that NCNB, in failing to send notification of the dishonor by its midnight deadline or within a longer reasonable time, lost the right to charge back its account. This issue was initially raised in paragraph 9 of the answer and counterclaim of Pandol Brothers by way of affirmative defense.
It is well established that summary final judgment is appropriate only where each affirmative defense has been conclusively refuted on the record. Spear v. Martin, 330 So.2d 543 (Fla. 4th DCA 1976). It is undisputed that NCNB failed to meet its midnight deadline in notifying Pandol Brothers of dishonor of the checks. The remaining factual issue is whether the period of time between NCNB's learning of the dishonor and notification by it to Pandol Brothers was "a longer reasonable time." Based on the existence of this issue, we reverse the summary final judgment.
Appellee points out, and correctly so, relying upon Ratner v. Central National Bank of Miami, 414 So.2d 210 (Fla. 3d DCA), pet. for review denied, 424 So.2d 762 (Fla. 1982), and Section 674.212(4), Florida Statutes (1981), that the right to charge back is not affected by the "[f]ailure by any bank to exercise ordinary care with respect to the item... ." However, the right of charge-back created by Section 674.212(1) is expressly predicated upon the bank's notification of the customer "by its midnight deadline or within a longer reasonable time after it learns the facts... ." Thus, the general rule does not apply in the case of negligent notification. Further, where notification occurs within a reasonably longer time rather than before its midnight deadline, the collecting bank has the burden of establishing that the time is reasonable. § 674.202(2), Fla. Stat. (1981).
Because the foregoing requires that the matter be remanded to the trial court for further proceedings, we address the second aspect of appellant's position on appeal, which has reference to requests for admission promulgated by Pandol Brothers, and unanswered by virtue of an order denying that relief to Pandol Brothers. Request number 8 was not objectionable as asking for a conclusion of law, but would more appropriately be characterized as requiring "an application of law to fact," permissible under Salazar v. Valle, 360 So.2d 132, 134 (Fla. 3d DCA 1978).
Recognizing that, in the absence of an abuse of discretion, an order of the trial court determining whether there has been failure to comply with procedural rules should be affirmed, Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972), we nonetheless hold that requests numbered 18 and 19 are also appropriate for response and require a *595 minimum of effort on the part of NCNB. In short, the information necessary to respond to these requests falls within the category of readily obtainable information which NCNB has a duty under the rules to obtain.
REVERSED and REMANDED.
DOWNEY and DELL, JJ., concur.