OPINION ON REHEARING
Before JORGENSON, COPE and LEVY, JJ.
PER CURIAM.
After hearing reargument, we withdraw the opinion dated July 5, 1989, and substitute the following:
Winn Dixie Stores, Inc., the defendant in a slip and fall case, appeals an adverse final judgment. Winn Dixie contends that the trial court erred by allowing the plaintiff, Joseph Gerringer, to use denials of several requests for admissions to impeach the testimony of Winn Dixie’s store manager. We agree and reverse.
During pretrial proceedings, the plaintiff served requests for admissions upon Winn Dixie which listed the wrong address for the store where the slip and fall accident had occurred. Each of the requests referred to the wrong address. Winn Dixie’s attorney filed a response which denied all but one of the nineteen requests, ostensibly because of the wrong address.[1]
During opening statement, the plaintiff's attorney made the following statements concerning Winn Dixie’s denial of the requests for admissions:
They [Winn Dixie] are going to admit now because they don’t have any choice, because the evidence is going to show that, during the entire case, until a few days ago it was their position that Mr. Gerringer never fell in the store. It was their position that there was no water on the floor. It was their position that no accident ever took place.
* * * * sfc sk
You are going to hear the testimony, how they have contradicted each other among themselves, and with prior admissions that I sent them.
Winn Dixie made a motion for mistrial on the basis of the above statements by the plaintiff’s attorney. That motion was denied.
At trial, during the direct examination of Winn Dixie’s manager who was called by the plaintiff as an adverse witness, the plaintiff’s attorney asked: “Did Winn Dixie at any time deny that the supermarket was open to the public when Mr. Gerringer fell?” Winn Dixie again objected and moved for a mistrial on the basis that Winn Dixie’s denials could not be used to impeach the witness.
The trial court denied Winn Dixie’s motion for mistrial finding that Winn Dixie’s denials were binding on the witness and *816 could be used for impeachment as a prior inconsistent statement. The plaintiffs attorney proceeded to impeach the witness with the denials to the request for admissions. A verdict was returned for plaintiff and Winn Dixie has appealed.
To begin with, it is clear that Winn Dixie’s response to some of the requests for admissions was inappropriate. While it is true that the plaintiff used an incorrect address in the request for admissions, that did not relieve Winn Dixie of its obligations under the rules. Rule 1.370, Florida Rules of Civil Procedure, contains an often overlooked provision which states:
A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.
(Emphasis added). Not only is this required by the rules, but it is an ordinary matter of common courtesy to opposing counsel.
Here Winn Dixie undoubtedly knew that the plaintiff had slipped and fallen in one of their stores; indeed, although ail of the requests for admissions were predicated on the incorrect address, Winn Dixie did admit one of the nineteen requests. It is evident that several of the requests should have been admitted in part and denied in part, as the rule contemplates. It is also clear that a number of the other requests involved facts which were genuinely disputed and were framed in such a way that a blanket denial was both proper and necessary.
Rule 1.370 allows a party to move to determine the sufficiency of answers or objections to requests for admissions and allows the trial court to award attorney’s fees and costs where such a motion is necessary. Upon receiving denials which were inappropriate, the plaintiff could have filed a motion under the rule and the court would have had the latitude not only to compel an answer to be served but to award expenses as the rule contemplates.
The next question, however, is whether the denials to the requests for admissions should have been allowed to be used for impeachment purposes over Winn Dixie’s objection. Initially, purely from a technical standpoint, the objection should have been sustained. That is so because the requests which were utilized by plaintiff at trial all did in fact refer to a store at a nonexistent location. Although as just said, some of the denials were not a good faith response under Rule 1.370, they were nonetheless technically accurate and for that reason, did not constitute a prior inconsistent statement which could be used for impeachment purposes.
We also agree with Winn Dixie’s position that denials to requests for admissions are not properly used for impeachment purposes. The purpose of requests for admissions is to define and limit the issues in controversy between the parties, thus reducing the expense and delay that might otherwise be unnecessarily involved in the trial, and thereby facilitating proof at trial.[2] This is accomplished by compelling admissions to those matters over which there is no good faith controversy. The Rule provides for sanctions against improper denials in order to foster admissions of issues, thereby narrowing the issues needed to be proved at trial.[3]
*817 We conclude that Rule 1.370 itself establishes the exclusive means for testing the sufficiency of answers or objections to requests for admissions and that denials cannot be used for impeachment purposes. See Mahan v. Missouri Pacific Railroad Co., 760 S.W.2d 510, 515 (Mo.App.1988) (affirming trial court holding that plaintiff could not use defendant’s denials to requests for admissions to impeach defendant’s testimony); Morris v. Frudenfeld, 135 Cal.App.3d 23, 185 Cal.Rptr. 76, 83, (1982) (affirming trial court holding that denials to requests for admission could not be used to impeach respondent on cross-examination). If a litigant desires to obtain impeachment material in conjunction with a request for admissions, then the request should be accompanied by appropriate interrogatories.
In the present case the improper attempt at impeachment, through the constant references to Winn Dixie’s “denials,” became, in effect, a feature of the trial whereby Winn Dixie was portrayed as being devious and less than truthful. This common thread, which was woven throughout the trial, served to deprive Winn Dixie of a fair trial. Accordingly, we reverse and remand for a new trial.
JORGENSON and COPE, JJ., concur.

. The request which Winn Dixie did admit stated: “That at the time and place the Plaintiff, Joseph Gerringer, was on said premises with Defendants’ consent and permission.” The "place” was defined in request number one, which used the wrong address.

. See 8 Wright & Miller, Federal Practice and Procedure: Civil § 2252 (1970); 4A Moore’s Federal Practice, § 36.02 (2d ed. 1988). See also State of Vermont v. Staco, Inc., 684 F.Supp. 822, 829 (Vt.1988) (rule is not a discovery device —"it provides the means and method for obtaining concessions in the record of facts already known”); Jones v. Boyd Truck Lines, Inc., 11 F.R.D. 67, 69 (W.D.Mo.1951) (same).

. See Hooten v. Lake County, 177 So.2d 696 (Fla. 2d DCA 1965) (facts questioned through request for admissions deemed admitted for failure to answer); Wider v. Carraway, 101 So.2d 13, 14- *817 15 (Fla. 2d DCA 1958) (requests deemed admitted for failure to properly answer).