616 So.2d 1094 (1993)
Walter Thiel SHAW and Is Your Home Safe, Inc., Appellants,
v.
STATE of Florida, ex rel. Robert A. BUTTERWORTH, Attorney General, Appellee.
No. 92-1901.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
*1095 Richard C. Wolfe, North Miami Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, Alfonso M. Saldana and Myron H. Burnstein, Asst. Attys. Gen., Hollywood, for appellee.
KLEIN, Judge.
The issue in this case is whether the trial court erred in denying defendants' motion for attorney's fees because plaintiff denied defendants' request to admit the central issue of fact in this case, defendants having prevailed at trial. We affirm.
Appellants Walter Shaw and his corporation, Is Your Home Safe, Inc., made a videotape entitled "It Took a Thief to Stop a Thief" for profit. Shaw had previously been adjudicated guilty of breaking and entering a dwelling house with intent to commit a felony, and the State of Florida filed a complaint against Shaw and his corporation, seeking to enforce a lien against any proceeds of the sale of his videotape under section 944.512, Florida Statutes (1989), which is a Florida version of New York's "Son of Sam" law. The statute provides for a lien in favor of the state on the proceeds of sale, etc., accruing to a convicted felon from any "account of the crime for which he was convicted."
Defendants denied that the videotape was an account of the crime for which Shaw was convicted, and served requests for admissions requesting the state to admit that the videotape was not an account of the crime for which Shaw was convicted. The state responded by denying these requests.
The case was tried non-jury, and the court found as a matter of fact that the videotape was not an account of a crime for which Shaw was convicted. Defendants then moved to assess attorney's fees against the state under Florida Rule of Civil Procedure 1.380(c), which authorizes sanctions, including the award of attorney's fees and costs, for failure to make discovery. The trial court refused to award attorney's fees, and defendants have appealed. Although we affirm all issues, the interplay of rule 1.380(c) (sanctions) and rule 1.370 (requests for admission) merits discussion.
Defendants acknowledge that what they were requesting the state to admit was the central issue in this case, and that it was an issue of fact. Defendants rely primarily on Salazar v. Valle, 360 So.2d 132 (Fla.3d DCA 1978), in which the plaintiff submitted a request for admission of all the allegations of negligence contained in the complaint. The trial court held that this type of request was improper and objectionable. The third district reversed, noting that prior to being amended in 1972, rule 1.370 provided that requests for admissions were objectionable where they sought admissions as to disputed facts which were the heart of the case, but that this provision was removed by that amendment. In re The Florida Bar, 265 So.2d 21 (Fla. 1972). The third district concluded that this type of request for admission was no longer objectionable; however, the issue of whether attorney's fees could or should be assessed, if plaintiff prevailed at trial, was not before the court.
In Stokes v. Clark, 390 So.2d 489 (Fla. 1st DCA 1980), plaintiffs requested defendant to admit his negligence and that plaintiff was not negligent. Defendant denied the requests. The jury returned a verdict for plaintiffs, and plaintiffs then sought attorney's fees under rule 1.380(c). The first district affirmed the trial court's denial of attorney's fees based on rule 1.380(c), which at that time provided:
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof that may include attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 1.370(a), or (2) the admission sought was of no substantial importance, or (3) the party failing *1096 to admit had reasonable ground to believe that he might prevail on the matter or (4) there was other good reason for the failure to admit.
The emphasized language above, subpart (3), was eliminated without comment in 1984. In re Amendments to Rules of Civil Procedure, 458 So.2d 245 (Fla. 1984). Federal Rule of Civil Procedure 37(c), on which Florida's Rule 1.380 was based, still contains subpart (3), rendering federal authorities less persuasive than they would be if our rules were identical. Denial of a request to admit a central controverted issue of fact does not subject the answering party to sanctions under Federal Rule 37(c). 4A, James W. Moore et.al., Moore's Federal Practice § 36.04[8] (2d ed. 1993).
We can only speculate as to why subpart (3) of Florida Rule 1.380(c) was eliminated in 1984; however there are other provisions in the rules which support the trial court's ruling that defendants are not entitled to attorney's fees simply because the plaintiff refused to admit itself out of court.
Rule 1.370(a) says that if a party believes the subject of a request for admission presents a genuine issue for trial, this is not a basis for an objection, but "the party may deny the matter or set forth reasons why the party cannot admit or deny it, subject to rule 1.380(c)." Rule 1.380(c) provides that the expenses assessed after a failure to admit "may include attorney's fees", but not if the court finds "there was other good reason for the failure to admit." These provisions do not support defendants' argument that assessment of attorney's fees was mandatory.
If defendants were correct in their argument that attorney's fees must be assessed, where a party denies a request to admit a fact which is the central issue of fact in the case, prevailing party attorney's fees would become the rule, rather than the exception.
Affirmed.
DELL and WARNER, JJ., concur.