768 So.2d 1107 (2000)
ARENA PARKING, INC., etc., et al., Appellants/Cross Appellees,
v.
LON WORTH CROW INSURANCE AGENCY, etc., et al., Appellees/Cross Appellants.
No. 3D98-2238.
District Court of Appeal of Florida, Third District.
June 28, 2000.
Rehearing Denied October 18, 2000.
*1108 Deehl & Carlson, and David L. Deehl, Miami, and Michele K. Feinzig, Plantation, Hinshaw & Culbertson, and Hugh J. Connolly and Andrew E. Grigsby, Miami, for appellants.
Demahy, Labrador & Drake, and Kenneth Drake, Miami, for appellees.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
RAMIREZ, J.
Appellant/plaintiff Arena Parking, Inc. appeals the denial of its motion for additur or new trial on damages; intervenor Florida East Coast Railway Company appeals *1109 the denial of its motion for new trial; defendants Lon Worth Crow Insurance Agency and Maria Isabel Gonzalez cross appeal several adverse procedural rulings and the denial of their motion for directed verdict. We reverse because the trial court should have granted the requested additur, the intervenor should have received notice of the trial, and an attorneys' fee request should not have been summarily denied.

Factual Background
Arena Parking leased land owned by the Florida East Coast Railroad [FEC] near the Miami Arena for use as parking lots for events held at the Miami Arena. As a startup business, Arena Parking contracted with an already established parking company, Ambassador Events Co., to perform the actual day to day parking activities. Pursuant to the lease with FEC, Arena Parking was to carry liability insurance covering both FEC and Arena Parking. Through its agreement with Ambassador, Arena Parking sought to obtain the required insurance coverage by becoming an "additional insured" under Ambassador's already existing liability policy. That policy was obtained through Lon Worth Crow [the Agency].
Gonzalez is the customer service representative employed by the Agency who was allegedly contacted by Arena Parking and Ambassador in order to effect the desired additional insured status for Arena Parking and FEC. Gonzalez never completed the requested modification to Ambassador's policy. Arena Parking and Ambassador entered into operation of the parking lots, assuming, incorrectly, that they were insured.
While the operations were being conducted under the Arena Parking/Ambassador agreement, Jan Stephenson, a female professional golfer, was severely injured in a robbery on the premises of Arena Parking. When she sued Arena Parking, FEC, and other entities not parties to this appeal for her injuries, the litigants discovered the absence of liability insurance coverage for Arena Parking and FEC. That lawsuit is still pending, so the nature and extent of any Arena Parking/FEC liability has not yet been finally determined. Arena Parking, however, instituted this suit alleging breach of contract, promissory estoppel and negligence against the Agency and Gonzalez in an attempt to enforce the requested additional insured status under Ambassador's policy and coverage for the attorneys' fees and costs incurred by Arena Parking and FEC in defending Stephenson's lawsuit.
At the trial, Arena Parking presented testimony and documentary evidence showing that attorneys' fees in excess of $170,000 had already been incurred by Arena Parking and FEC in defense of Stephenson's suit. The jury returned a verdict in favor of Arena Parking and found it 57% negligent, but only awarded $28,500 in damages. Arena Parking elected to have the judge enter judgment under the promissory estoppel count of its complaint so that no comparative negligence reduction would have to be made. Arena Parking filed a motion for additur and/or new trial on damages, alleging that the damages awarded were inadequate and against the greater weight of the evidence. Arena Parking also contended that the trial court committed error requiring a new trial on damages when the trial judge refused to allow FEC's name to be referenced in jury instructions or on the verdict form. Arena Parking also complains of various evidentiary rulings made during the trial. We conclude that the evidentiary rulings were within the trial court's discretion and do not constitute reversible error. We discuss the remaining issues in the following sections of this opinion.

Additur
Based on our review of the record, we conclude that the jury verdict was clearly inadequate and that the trial court erred in denying Arena Parking's motion for additur. While the record of the trial shows that liability was hotly contested *1110 through testimony, Arena Parking's presentation on damages was made mostly in the form of trial exhibits representing attorneys' fees and costs incurred by Arena Parking and FEC in defending the Stephenson lawsuit. The Agency and Gonzalez did contest damages, but their argument was that there had been a total lack of evidence presented on that issue, not that the fees and costs were excessive or overstated. To this day, they have not adequately explained how to reconcile the jury's finding of liability while awarding only $28,500, which amount is approximately 16% of the damages shown by the exhibits. In fact, the jury found that Arena Parking had proven its claim to recover under promissory estoppel, which requires proof by clear and convincing evidence. See Crown Life Ins. Co. v. McBride, 517 So.2d 660, 663 (Fla.1987) (Grimes, J., specially concurring).
The trial court's determination regarding additur may be reversed on appeal only where there is a clear abuse of discretion. See Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998). The trial court denied Arena Parking's motion for additur without stating any reasons for the exercise of its discretion. Under the facts of this case, we believe this was a clear abuse of discretion.
In section 768.74(1), Florida Statutes (1997), the legislature authorizes trial courts to review the amount of damages awarded under a verdict to determine if they are "inadequate in light of the facts and circumstances which were presented to the trier of fact." Section 768.74(5) provides further guidance. When presented with an additur motion, the trial court must consider whether the jury "misconceived the merits of the case relating to the amounts of damages recoverable," § 768.74(5)(b), and whether it "arrived at the amount of damages by speculation and conjecture." § 768.74(5)(c). The trial court must also determine "[w]hether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered." § 768.74(5)(d). Finally, the court must decide "[w]hether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons." § 768.74(5)(e). Using this criteria, we conclude that the jury must have misconceived the merits of the case presented by Arena Parking with respect to damages. The amount awarded could only have been arrived at by speculation and conjecture because it bears no reasonable relation to the damages proved. There is no logical explanation as to how reasonable persons who found liability under the promissory estoppel theory ended up awarding only 16% of the damages claimed. The trial court should have ordered an additur and, pursuant to section 768.74(4), if the defendants disagreed to the additur ordered, then ordered a new trial on damages.
Rather than point to any record evidence to support the jury's award, the Agency and Gonzalez now argue that the itemized bills produced by Arena Parking were heavily redacted and were thus incompetent to prove their damages. Because the Stephenson case was still pending, Arena Parking was obviously reluctant to divulge privileged information that could undermine its defense of the underlying suit. Furthermore, the Agency and Gonzalez never objected to the introduction of the redacted bills and may not now do so for the first time on appeal. See Marks v. Delcastillo, 386 So.2d 1259, 1266 (Fla. 3d DCA 1980); Tabasky v. Dreyfuss, 350 So.2d 520, 521 (Fla. 3d DCA 1977).
The Agency and Gonzalez also raise another argument not advanced at the trial level. They complain that Arena Parking failed to introduce the entire insurance policy that would have provided coverage in this case. Had the Agency and Gonzalez timely objected to the policy introduced as an exhibit at trial, Arena Parking could easily have corrected the deficiency by photocopying the missing pages. The policy, after all, had been produced by the *1111 defendants in discovery. If there were pages missing, the defendants could hardly complain. See Castor v. State, 365 So.2d 701 (Fla.1978); Swan v. Florida Farm Bureau Ins. Co., 404 So.2d 802, 804 (Fla. 5th DCA 1981).

FEC as Intervenor
A few months before trial, FEC moved to intervene in the action as an interested party. The trial court entered an agreed order granting the motion. Unfortunately, when the trial court sent out its order the next day rescheduling the trial for August 1997, counsel for FEC was not sent a copy of the order. FEC received no notice of the trial, although clearly entitled to such notice. See Mayflower Inv. Co. v. Brill, 137 Fla. 287, 289, 188 So. 205, 205 (1939) (vacating an order of dismissal where the intervenor was not given notice, and stating: "It is fundamental that due process guarantees to a party notice and an opportunity to be heard before his rights are taken away from him by order, decree or judgment of any court.")
It is equally clear that FEC had a right to intervene. In the Stephenson case, FEC filed a third-party claim against Arena Parking seeking indemnification and a defense. FEC even obtained partial summary judgment finding that it was entitled to indemnification from Arena Parking. In fact, Arena Parking presented, as a part of its damages, the legal fees incurred by FEC in defending the Stephenson suit. FEC had a direct and immediate interest in the Arena Parking case against the Agency and Gonzalez. It stood to gain or lose by the direct legal operation and effect of the judgment. See Stefanos v. Rivera-Berrios, 673 So.2d 12, 13 (Fla. 1996). Florida Rule of Civil Procedure 1.260 provides that anyone claiming an interest in pending litigation may be permitted to assert a right by intervention.
The error in the failure to provide FEC notice of trial was compounded in this case because the trial court removed all references to FEC from the jury instructions and verdict form. The court removed FEC from the case, the jury instructions, and the verdict form despite having granted its motion to intervene. It did so because FEC was not a plaintiff in the case. Arena Parking objected to this action by the trial court and we agree that it was improper. FEC's damages by way of legal fees were presented to this jury through Arena Parking's exhibits. It is inconsistent and confusing to admit into evidence proof of FEC's damages and then remove them from the jury's consideration simply because FEC was not a plaintiff. It is also inconsistent with the agreed order allowing FEC's intervention. See Southland Life Ins. Co. v. Abelove, 556 So.2d 805, 806 (Fla. 5th DCA 1990)(intervenor must be permitted to protect its direct interest in the outcome of the litigation and not totally depend on the plaintiff to protect its interest). FEC had a right to expect that once its motion to intervene was granted, it would not be foreclosed from having its rights of indemnification funded in whole or in part from this action against the Agency and Gonzalez.[1] The erroneous exclusion of FEC from the proceedings below further supports our decision that new trial on damages should be granted in the event the Agency and Gonzalez reject the additur which the trial court is directed to enter on remand.

Attorneys' Fees Pursuant to Rule 1.380(c)
Arena Parking also complains that the trial court erred in the denial of its request for attorneys' fees pursuant to Florida Rule of Civil Procedure 1.380(c). Arena Parking propounded requests for admissions by which the Agency and Gonzalez were requested to admit the following: (1) that the president of Arena Parking, Gonzalez and the Vice-President of Ambassador Events had a three-way conference *1112 call at which time plaintiff requested that it and FEC be named as additional insureds on Ambassador's policy of insurance and that the Agency and Gonzalez promised to obtain the insurance coverage; (2) that the Agency and Gonzalez failed to obtain the additional insurance; (3) that the Agency and Gonzalez failed to obtain adequate information to advise Arena Parking; and (4) that the Agency and Gonzalez failed to notify Arena Parking that they failed to obtain additional insurance coverage.
Rule 1.380 provides as follows:
(c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorney fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to rule 1.370(a), (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
The trial court denied the motion, stating that Arena Parking could only recover fees under a contract or a statute. This ruling contravenes the clear language of rule 1.380(c), which contains mandatory language. We conclude that the trial court abused its discretion in summarily denying the motion without stating any reasons for the denial. The rule itself provides grounds to deny the motion, but it requires the trial court to make findings if it decides to deny the request. At the very least, the Agency and Gonzalez should have admitted the second request, i.e. that they had obtained no insurance for Arena Parking and Arena Parking should recover any fees and costs it incurred in proving that fact at trial.
The first request deals with the ultimate issue in the case and the rule is unclear as to whether a party should be assessed expenses for failing to admit such a request. In Salazar v. Valle, 360 So.2d 132 (Fla. 3d DCA 1978), the plaintiff submitted a request for admission of all the allegations of negligence contained in the complaint. We noted that, prior to its amendment in 1972, rule 1.370 provided that requests for admissions were objectionable where they sought admissions as to disputed facts that went to the heart of the case; however, we recognized that this provision was removed by the amendment. As a result, we concluded that this type of request for admission was no longer objectionable. The issue of whether attorneys' fees could or should be assessed against a party who refused to admit such requests was not before us in Salazar.
In Stokes v. Clark, 390 So.2d 489 (Fla. 1st DCA 1980), the plaintiffs made requests for admissions on the ultimate facts and, after prevailing at trial, the plaintiffs' motion for attorneys' fees was denied. The court based its decision on rule 1.380(c), which at that time provided for the assessment of fees and costs unless the court found that (1) the request was held objectionable pursuant to Florida Rules of Civil Procedure 1.370(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he or she might prevail on the matter, or (4) there was other good reason for the failure to admit. Subpart (3), upon which the Stokes Court's affirmance of the denial of the attorneys' fee request was based, was eliminated from the rule without comment in 1984. See In re Amendments to Rules of Civil Procedure, 458 So.2d 245 (Fla. 1984).
Nevertheless, in Shaw v. State ex rel. Butterworth, 616 So.2d 1094 (Fla. 4th DCA 1993), the Fourth District affirmed a denial of attorneys' fees after a non-jury trial in which the defendants prevailed after *1113 having made a request for admission on the central issue in the case, which the plaintiff refused to admit. The court reasoned that to assess attorneys' fees whenever a party refuses to admit a fact that is the central issue of fact in the case would render prevailing party attorneys' fees the rule, rather than the exception. Id. at 1096. We agree with that reasoning and hold that expenses incurred by a successful litigant as a result of the opposing party's failure to admit requests for admissions may not be assessed against the opposing party for denying a request to admit a hotly-contested, central issue to the case. However, we reverse and remand on the attorneys' fee issue for the trial court to apportion and make an award to Arena Parking for those fees and expenses which were incurred in proving the other matters which the defendants should have admitted as provided under rule 1.380(c).[2]

Defendants' Cross Appeal
By way of cross appeal, the Agency and Gonzalez argue that the trial court erred in not reducing the judgment based on Arena Parking's comparative negligence. The comparative fault statute applies only to negligence cases. See § 768.81(4), Fla. Stat. (1997). This section states that "[i]n determining whether a case falls within the term `negligence cases,' the court shall look to the substance of the action and not the conclusory terms used by the parties." The Judge who presided over the trial was in a better position to decide what was the substance of this action. By its decision, the trial court apparently determined that this case was an attempt by Arena Parking to create insurance coverage through the doctrine of promissory estoppel recognized in Crown Life Ins. Co. v. McBride, 517 So.2d at 662 ("[T]he form of equitable estoppel known as promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice."). Promissory estoppel is not traditionally considered a cause of action arising from negligence.
Additionally, because it is in derogation of the common law, section 768.81 must be strictly construed in favor of the common law. See Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12, 17 (Fla. 1st DCA 1996), aff'd, 705 So.2d 560 (Fla.1997). At common law, there was no reduction for a plaintiff's comparative negligence in a promissory estoppel recovery because there can be no promissory estoppel where the plaintiff's detrimental reliance is caused by its own mistake in judgment. See 31 C.J.S. Estoppel & Waiver § 92, at 496 n. 8 (1996). Thus, the trial court was correct in refusing to reduce the judgment by the percentage of fault attributed to plaintiff by the jury. We also find no error in the award of prejudgment interest nor in the denial of the Agency's and Gonzalez's motion for directed verdict, and therefore affirm on the cross appeal filed by the Agency and Gonzalez.

Conclusion
For the foregoing reasons, we reverse and remand for the trial court to order an additur. Should the Agency and Gonzalez disagree with the additur granted, the trial court shall order a new trial on damages, with proper notice to all parties. Additionally, the trial court should conduct a hearing on Arena Parking's entitlement to and amount of attorneys' fees and costs pursuant to rule 1.380(c).
NOTES
[1] We have not overlooked the argument that FEC's intervention was only for the purpose of monitoring the action. The court order was not so limited. At any rate, the lack of notice prevented FEC from even such limited participation.
[2] We leave to the court on remand the decision of whether requests 3 and 4 should have been admitted, and whether fees are awardable for the failure to do so.