Per Curiam.
Appellants argue that the trial court abused its discretion in awarding Appellee attorney's fees and costs of $981,116.23 pursuant to rule 1.380(c), Florida Rules of Civil Procedure. We agree and reverse.
After a trial on the merits of the case, Appellee sought attorney's fees and costs related to sixteen requests for admissions that were timely denied by Appellants. Rule 1.380(c) provides,
c) Expenses on Failure to Admit. If a party fails to admit the genuineness of any document or the truth of any matter as requested under rule 1.370 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may file a motion for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys' fees. The court shall issue such an order at the time a party requesting the admissions proves the genuineness of the document or the truth of the matter, upon motion by the requesting party, unless it finds that (1) the request was held objectionable pursuant to rule 1.370(a), (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
The rule sets forth exceptions to issuance of an order, and precludes an award of reasonable expenses when there *410 was "good reason for the failure to admit." Parties have "good reason" to deny requests for admission when they have a good-faith basis for doing so and when admitting them would give away their defense altogether. Indeed, under the rule, "expenses incurred by a successful litigant as a result of the opposing party's failure to admit requests for admissions may not be assessed against the opposing party for denying a request to admit a hotly-contested, central issue to the case." Arena Parking, Inc. v. Lon Worth Crow Ins. Agency , 768 So.2d 1107, 1113 (Fla. 3d DCA 2000). If otherwise, then "where a party denies a request to admit a fact which is the central issue of fact in the case, prevailing party attorney's fees would become the rule, rather than the exception." Shaw v. State ex rel. Butterworth, 616 So.2d 1094, 1096 (Fla. 4th DCA 1993) (affirming denial of attorney's fees after a trial in which the defendants prevailed after the plaintiff denied a request for admission on the central issue in the case); Hahamovitch v. Hahamovitch , 133 So.3d 1020, 1024 (Fla. 4th DCA 2014) (holding attorney's fees cannot be awarded for a parties failure to admit a "hotly contested, central issue of fact in the case").
As its text makes clear, rule 1.380(c) serves as a vehicle to impose sanctions for unjustified denials, not as a substantive fee-shifting provision. As we conclude that the requests for admissions pertained to contested matters that were central issues in the case-meaning Appellants had "good reason for failure to admit,"-it is unnecessary to address Appellants' remaining challenges pertaining to joint and several liability assignment, attorney hours and reasonable hourly rates, among others.
We, therefore, REVERSE the order on appeal.
Winsor and M.K. Thomas, JJ., concur; Bilbrey, J., concurs with opinion.