Bilbrey, J., concurring.
I concur in the majority opinion. I agree with the logic of Arena Parking, Inc. v. Lon Worth Crow Insurance Agency , 768 So.2d 1107 (Fla. 3d DCA 2000), and Shaw v. State ex rel. Butterworth , 616 So.2d 1094 (Fla. 4th DCA 1993). Rule 1.380, Florida Rules of Civil Procedure, titled "Failure to Make Discovery; Sanctions ," clearly intends to provide for expenses as a sanction for discovery violations and, as the majority notes, is not intended to provide for fee shifting on "a hotly-contested, central issue." Arena Parking, 768 So.2d at 1113 ; see also Stokes v. Clark , 390 So.2d 489 (Fla. 1st DCA 1980).
I write separately to point out that rule 1.380(c)(2) precludes an award of expenses for failing to make a requested admission if "the admission sought was of no substantial importance." Therefore, for an improperly denied request for admission to be sanctionable, it must fall into a Goldilocks zone of being germane to an issue being litigated, but not so important as to be a central issue. In my view, the caselaw and rule do not give sufficient boundaries of what is sanctionable.
Perhaps this ambiguity is purposeful, and I trust that the trial courts will exercise their discretion appropriately in most cases to determine whether sanctions should issue. See Stokes , 390 So.2d at 491 (applying an abuse of discretion standard to a motion for attorney's fees under rule 1.380(c) ). However, judges and practitioners may benefit from having the Florida Bar's Civil Procedure Rules Committee propose more defined boundaries as to where an award is appropriate. See Fla. R. Jud. Admin. 2.140.