DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FEDERAL EXPRESS CORPORATION** and **ROBERTO NICK CHARRIA,**
Appellants,

v.

**DAVID ALAN SIMS,**
Appellee.

No. 4D18-1154

[February 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE-17-016471 (14).

David P. Herman and Michael G. Shannon of Murray, Morin & Herman, P.A., Coral Gables, for appellants.

Diana Santa Maria, Carolyn B. Anderson, and Laura D. Dolin of Law Offices of Diana Santa Maria, P.A., Fort Lauderdale, for appellee.

GERBER, C.J.

The defendants' attorneys appeal from the circuit court's order directing them to pay the plaintiff's attorney's fees under Florida Rule of Civil Procedure 1.380(a)(4), as part of the circuit court's "Order on Plaintiff's Motion to Compel Better Answers to Interrogatories and Motion to Compel Designation of Corporate Representative, and Defendants' Objections to Plaintiff's Discovery Requests." The defendants' attorneys argue, among other things, that the circuit court erred in entering the attorney's fees order because the defendants' objections were substantially justified. We agree with the defendants' attorneys' argument. We reverse that portion of the order directing the defendants' attorneys to pay the plaintiff's attorney's fees.

Florida Rule of Civil Procedure 1.380(a)(4) states:

(4) *Award of Expenses of Motion.* If the motion [to compel] is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the

motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees, *unless the court finds that the movant failed to certify in the motion that a good faith effort was made to obtain the discovery without court action, that the opposition to the motion was substantially justified, or that other circumstances make an award of expenses unjust.* If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.

(emphasis added).

The circuit court, both at the hearing on the plaintiff's motion to compel, and in the order resulting from the hearing, incorrectly referred to rule 1.380(a)(4) as a "prevailing party" rule, even though rule 1.380(a)(4) uses no such phrase. For example, at the hearing, the circuit court stated: "[I]t's pursuant to 1.380, *prevailing party* gets the expenses of the motion." (emphasis added). Later at the hearing, the circuit court stated, "So, [plaintiff's counsel is] the *prevailing party* and she's going to get her costs and fees." (emphasis added). In the order, the circuit court stated: "[T]he court shall impose fees and costs to the *prevailing party* pursuant to Rule 1.380." (emphasis added). Later in the order, the circuit court stated: "The Court finds that the Plaintiff is a *prevailing party* for this matter and pursuant to Rule 1.380[(a)](4) is entitled to fees and costs." (emphasis added).

The circuit court apparently misinterpreted rule 1.380(a)(4) as a "prevailing party" rule because of the rule's use of the word "shall" in the first sentence's first clause: "If the motion [to compel] is granted and after opportunity for hearing, the court *shall* require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees . . . ." (emphasis added). For example, at the hearing on the plaintiff's motion to compel, the circuit court sua sponte raised rule 1.380(a)(4) and stated: "The rule says I *shall* impose [the expenses of the motion] unless the interests of

2

justice indicate otherwise. Everything here was objected to. Some of the objections were well-founded, but some weren't." (emphasis added). Later in the hearing, the court's focus on the word "shall" was more narrow: "[The rule] doesn't say may get, it says, *shall* get." (emphasis added).

However, the circuit court's narrow focus on the single word "shall" in the first sentence's first clause appears to have minimized, if not eliminated, the court's consideration of the first sentence's *second* clause: "*unless the court finds* that the movant failed to certify in the motion that a good faith effort was made to obtain the discovery without court action, *that the opposition to the motion was substantially justified,* or that other circumstances make an award of expenses unjust." (emphasis added).

The circuit court's minimization of the first sentence's second clause is apparent from the face of its written order, which ultimately ignored that second clause. That is, the circuit court's written order made no finding regarding whether the defendants' opposition to the motion was substantially justified. Rather, as we stated above, the circuit court's written order appears to have awarded the plaintiff's attorney's fees and costs simply because, in the circuit court's view, the plaintiff was the "prevailing party" on the motion. That was error. *Cf. Shaw v. State ex rel. Butterworth*, 616 So. 2d 1094 (Fla. 4th DCA 1993) ("If defendants were correct in their argument that attorney's fees *must* be assessed, where a party denies a request to admit a fact which is the central issue of fact in the case, *prevailing party attorney's fees would become the rule, rather than the exception.*") (emphasis added).

Even if we were to assume that the circuit court implicitly considered the first sentence's second clause and found that the defendants' opposition to the motion was not substantially justified, the record belies such a finding. As the circuit court itself stated at the hearing, "Some of the objections were well-founded, but some weren't." That finding is reflected in the written order, which found that certain interrogatories were overly broad or sought work product obtained in anticipation of litigation, and that certain requests for production sought documents which may have been protected as privileged, trade secrets, or confidential business information. Despite those findings, the circuit court awarded the plaintiff's attorney every dollar for every hour spent on the motion, with the only explanation in the written order being that the plaintiff was the "prevailing party." This erroneous view of the law constitutes an abuse of discretion. *See Rush v. Burdge*, 141 So. 3d 764, 766 (Fla. 2d DCA 2014) ("A trial court . . . abuses its discretion if its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.") (citation and internal quotation marks omitted omitted).

Based on the foregoing, we reverse that portion of the circuit court's "Order on Plaintiff's Motion to Compel Better Answers to Interrogatories and Motion to Compel Designation of Corporate Representative, and Defendants' Objections to Plaintiff's Discovery Requests" directing the defendants' attorneys to pay the plaintiff's attorney's fees.

*Reversed.*

CIKLIN and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***