PER CURIAM.
Appellants, Tammy Sentz f/k/a Tammy Williams and Geico General Insurance Company, appeal a final judgment awarding Appellee, Richard Tracy, attorney's fees pursuant to Florida Rule of Civil Procedure 1.380(c) in this motor vehicle accident case. Appellants argue that the trial court erred in awarding fees for denying Appellee's requests for admission because the requests went to issues for which there was a bona fide dispute. We agree and reverse.
At trial, the parties offered directly conflicting testimony concerning who was at fault for the accident that occurred after dark. Essentially, Sentz testified that she rear-ended Appellee's boat trailer because he was traveling under the speed limit and his brake lights were not operational, whereas Appellee testified that he was traveling the speed limit and his brake lights were working.
Leading up to trial, Appellee sent Sentz several requests for admission that asked her to broadly concede negligence, causation, and damages. Specifically, the requests asked Sentz to admit, inter alia , that she "did so negligently and carelessly maintain, operate and control the motor vehicle so that it collided with the vehicle operated by [Appellee]." Not surprisingly given the position Sentz would later take at trial, she denied the requests.
Florida Rule of Civil Procedure 1.380(c) authorizes the trial court to award expenses, including attorney's fees, against a party that fails to admit the truth of a request for admission made pursuant to Florida Rule of Civil Procedure 1.370. "The purpose of requests for admissions is to define and limit the issues in controversy between the parties, thus reducing the expense and delay that might otherwise be unnecessarily involved in the trial, and thereby facilitating proof at trial." Winn Dixie Stores, Inc. v. Gerringer , 563 So.2d 814, 816 (Fla. 3d DCA 1990) (footnote omitted). "This is accomplished by compelling admissions to those matters over which there is no good faith controversy." Id. Notably, there is "an important distinction between requests for admission that would resolve the ultimate issues in the case if admitted, and requests for admission that simply go to establishing a relevant fact in the case." Haas Automation, Inc. v. Fox , 243 So.3d 1017, 1028 (Fla. 3d DCA 2018) (citation omitted).
In this case, Appellee's requests for admission went to the ultimate issues in *1281 the case rather than relevant facts. Moreover, the issues were hotly contested at trial as evidenced by the contradictory testimony of Sentz and Appellee. In our view, awarding attorney's fees under these circumstances would render rule 1.380(c) a prevailing party fee provision rather than an exception to the rule that the individual parties bear their own fees. See Arena Parking, Inc. v. Lon Worth Crow Ins. Agency , 768 So.2d 1107, 1113 (Fla. 3d DCA 2000) ; see also R.J. Reynolds Tobacco Co. v. Ward , 238 So.3d 408, 410 (Fla. 1st DCA 2018) ("[R]ule 1.380(c) serves as a vehicle to impose sanctions for unjustified denials, not as a substantive fee-shifting provision.").
REVERSED and REMANDED.
COHEN, EISNAUGLE and SASSO, JJ., concur.